# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-00132-KDB

| | |
|---|---|
| TEPY SUTUKH EL,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 15), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Title XVI Supplemental Social Security Income ("SSI").

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court finds that Defendant's decision to deny El's Social Security benefits is not supported by substantial evidence because the ALJ failed to resolve apparent conflicts between the vocational expert's (VE) testimony and the Dictionary of Occupational Titles (DOT). Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment**; DENY** Defendant's Motion for Summary Judgment; and **REVERSE AND REMAND** this matter for further proceedings consistent with this Order.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I. BACKGROUND

El applied for Title XVI Supplemental Security Income Benefits on June 16, 2014 (Tr. 204-210).[2] His application was denied at the initial and reconsideration levels. (Tr. 16, 125-28, 134-43). After conducting a hearing on July 19, 2017, Administrative Law Judge Michelle D. Cavadi ("ALJ") denied his application in a decision dated August 30, 2017. (Tr. 16-28). El then filed for a review of the ALJ's decision with the Appeals Council, which denied review on June 19, 2018. (Tr. 1-7). The ALJ's decision now stands as the final decision of the Commissioner, and El has requested judicial review in this Court.

## II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if El had been disabled[3] since the date his application was filed.[4] At step one, the ALJ found that El had not engaged in substantial gainful activity since May 14, 2014. (Tr. 18, Finding 1). At step two, the ALJ found that El had the following severe impairments: rheumatoid arthritis, status post surgery to left hip with rod replacement and mild

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[3] For the purposes of title II of the Act, "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

[4] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite the claimant's limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

degenerative joint disease, right shoulder arthralgia, anxiety, obesity, cervical degenerative joint disease with disc bulge and no herniation, status post bone removal in left hallucal interphalangeal joint, status post planning of the sesamoid bone, and asthma. (Tr. 18, Finding 2). The ALJ considered El's impairments under listings 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926) at step three and found that they did not meet or medically equal any listing. (Tr. 18, Finding 3).

At step four, the ALJ found that El has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with the following exceptions:

> He can occasionally climb ramps and stairs. He can occasionally kneel, crawl, or crouch. He can occasionally stoop or balance. He can frequently handle. He cannot climb ropes, ladders, or scaffolds. He must avoid concentrated exposure to hazards, fumes, dust, gases, and areas with poor ventilation. He is limited to simple, routine, and repetitive tasks. He cannot interact with the public. He can have occasional contact with coworkers and supervisors. He is limited [to] work settings that only undergo routine changes. He can occasionally reach overhead. He can occasionally use foot pedals.

(Tr. 20). The ALJ further found that while El could not perform any past relevant work, considering his age, education, work experience, and RFC, he can perform other jobs that exist in significant number in the national economy. (Tr. 26-27, Findings 5 & 9). The ALJ found that El would be able to perform jobs such as mail sorter, photocopy-machine operator, and marker. (Tr. 27). These are the same jobs the VE listed during the hearing. (Tr. 27).

## III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District

3

Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

El argues that the ALJ's decision is not supported by substantial evidence based on two assignments of error. First, El asserts that the ALJ failed to properly account for his moderate limitations in concentration, persistence, and pace in the RFC as required under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Second, El contends that the ALJ failed to identify and resolve

4

apparent conflicts between the VE's testimony and the DOT. The Court does not reach El's first assignment of error because it finds sufficient cause to remand based on El's second argument that the ALJ failed to identify and resolve apparent conflicts between the VE's testimony and the DOT.

At step five, the ALJ has the burden to show, by a preponderance of the evidence, that other work exists in significant numbers in the national economy that claimant can perform. *See Mascio*, 780 F.3d at 635. "The [ALJ] often seeks to meet this burden through the testimony of a VE." *Thomas*, 916 F.3d at 313. However, the ALJ cannot blindly rely on the VE's testimony. The ALJ has a duty to identify and resolve any apparent conflicts between the DOT and the VE's testimony. *Id.* at 313 (citing SSR 00-4P, 2000 WL 1898704 at *2 (Dec. 4, 2000)). Often, the ALJ will ask the VE whether his or her testimony conflicts with the DOT. If the VE answers "yes," the ALJ "must elicit a reasonable explanation for the conflict before relying" on the VE's evidence to support a decision about whether the claimant is disabled. SSR 00-4P, 2000 WL 1898704 at *2. If the VE answers "no," there remains an affirmative duty on behalf of the ALJ to "make an independent identification of apparent conflicts." *Pearson*, 810 F.3d at 210. "This means that the ALJ must recognize and resolve ways in which a VE's testimony 'seems to, but does not necessarily,' conflict with the 'express language' of the DOT—even if the conflict is not 'obvious.'" *Thomas*, 916 F.3d at 313 (quoting *Pearson*, 810 F.3d at 209).

The Fourth Circuit, in *Pearson v. Colvin*, 810 F.3d 204, held that there was an apparent conflict between the claimant's RFC that limited him to occasional overhead lifting/reaching and the VE's testimony that the claimant could perform jobs requiring frequent reaching. *Id.* at 211. In its discussion, the court noted that the DOT defines reaching as "[e]xtending hand(s) and arm(s) in any direction." *Id.* (citing App. C, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* C-3). This broad definition of reaching means that jobs requiring

5

frequent reaching *may* require all types of reaching, including frequent overhead reaching. *See id.* Accordingly, the court remanded the case stating,

> it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching. If the explanation does not provide a reasonable basis for relying on the expert's testimony, that testimony cannot provide substantial evidence for a denial of benefits.

*Id.* The court further explained that on remand the ALJ was not required to find that the claimant is unable to perform jobs with frequent reaching, but rather that the ALJ and the VE "should address exactly what form of reaching the stated occupations require and whether the claimant can fulfill those requirements." *Id.*

Similar to *Pearson*, there is a conflict between El's RFC that limits him to occasional overhead reaching and the VE's testimony that he can perform jobs requiring frequent reaching. (Tr. 20). At step five, the VE testified that El could perform the jobs of mail sorter (DOT 209.687-026, 1991 WL 671813), photocopying-machine operator (DOT 207.685-014, 1991 WL 671745), and marker (DOT 209.587-034, 1991 WL 671802). (Tr. 27, 70-71). All three jobs require frequent reaching. While the ALJ asked the VE if her testimony conflicted with the DOT and the VE answered no, the ALJ still has an affirmative duty to identify and resolve any apparent conflicts regardless of the VE's answer. (Tr. 69); *see also Pearson*, 810 F.3d at 209 ("We thus agree with Pearson and the courts that have held that an ALJ has not fulfilled his affirmative duty 'merely because the [vocational expert] responds "yes" when asked if her testimony is consistent with the [*Dictionary*].'" (alterations in original)). The ALJ in this case did not elicit a reasonable basis for relying on the VE's testimony in light of these apparent conflicts, and thus, remand is appropriate for the ALJ to address what form of reaching the three occupations require and whether El can fulfill those requirements.

## V. CONCLUSION

Because the ALJ failed to identify and resolve apparent conflicts between the VE's testimony and the DOT, there is not substantial evidence to support the ALJ's denial of benefits. Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED.**

Signed: December 18, 2019

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).